NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROSA PEDRO-VICENTE; MARI LUZ
VIVIANA MIGUEL-PEDRO,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    19-72957

Agency Nos.    A206-455-157
A206-455-158

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2023[**]
Pasadena, California

Before:  WARDLAW, CHRISTEN, and SUNG, Circuit Judges.

Rosa Pedro-Vicente and her minor daughter Mari Luz Viviana Miguel-Pedro

("Petitioners") petition for review of the Board of Immigration Appeals' ("BIA")

decision dismissing their appeal of the Immigration Judge's ("IJ") denial of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Petitioners' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Petitioners also appeal the BIA's affirmance of the IJ's denial of Petitioners' motion to suppress evidence and terminate immigration proceedings for alleged violation of Petitioners' Fourth Amendment rights. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review questions of law de novo and the agency's factual findings for substantial evidence. *See Vilchez v. Holder*, 682 F.3d 1195, 1198–99 (9th Cir. 2012).

1. Petitioners' argument that their Notices to Appear are defective for failure to list the date and time of their hearing is unexhausted. We therefore decline to address it on the merits. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

2. The BIA properly affirmed the IJ's denial of Petitioners' motion to suppress their Form I-213s and terminate proceedings. Petitioners argue that their Form I-213s, which indicate that they entered into the United States without inspection or admission, contain statements made during an initial encounter with border patrol agents within a mile of the border with Mexico. Petitioners assert that the agents failed to establish probable cause or reasonable suspicion under the Fourth Amendment to question Pedro-Vicente and her daughter, and that,

2

therefore, the Form I-213s should be excluded from evidence under the exclusionary rule.

The exclusionary rule applies to immigration proceedings only "(1) when the agency violates a regulation promulgated for the benefit of petitioners and that violation prejudices the petitioner's protected interests; and (2) when the agency egregiously violates a petitioner's Fourth Amendment rights." *Sanchez v. Sessions*, 904 F.3d 643, 649 (9th Cir. 2018) (internal citations omitted). It is well-established that immigration authorities may seize a noncitizen based solely on reasonable suspicion, which cannot include "race and ethnicity alone." *Id.* at 650–53, 656. Where there is no seizure, however, immigration officers do "not need reasonable suspicion to ask [a noncitizen] for [their] name, date and place of birth, or immigration status." *Muehler v. Mena*, 544 U.S. 93, 101 (2005). Questioning by an officer rises to the level of a seizure only when, "taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that [they were] not at liberty to ignore the police presence and go about [their] business." *Florida v. Bostick*, 501 U.S. 429, 437 (1991) (internal quotation marks and citation omitted). While Pedro-Vicente argues that she did not feel free to leave when approached because the agents were armed and clearly identified, she does not allege any additional facts to establish an objectively reasonable belief that her liberty was restricted. Without more, this

encounter does not involve a sufficient display of authority or coercion to render it a seizure. *United States v. Crapser*, 472 F.3d 1141, 1146 (9th Cir. 2007) (finding that no seizure occurred where officers were armed but did not attempt to draw attention to their weapons or use physical force during a daytime encounter in public). Accordingly, we need not address whether the border patrol agents had reasonable suspicion under the Fourth Amendment to seize Pedro-Vicente and her daughter. Petitioners have not made a prima facie showing that their Fourth Amendment rights were egregiously violated.

3. Substantial evidence supports the BIA's dismissal of Petitioners' appeal of the IJ's denial of asylum and withholding of removal. Even assuming that Petitioners did not waive the issue of nexus, there is no evidence that the gang members targeted Pedro-Vicente and her daughter on the basis of any protected ground. Although Pedro-Vicente testified that a vendor told her that gang members were looking for her and wanted to kill her "because of my situation," Petitioners have not offered any additional facts to show a nexus to a protected ground. And as both the BIA and IJ noted, Petitioners claim only that they fear general future criminal violence. The record does not compel the conclusion that Pedro-Vicente and her daughter face persecution on the basis of a protected ground as required for asylum or withholding of removal. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by

4

criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

4. Substantial evidence supports the BIA's dismissal of Petitioners' appeal of the IJ's denial of Petitioners' CAT claim. Although Petitioners allege that the Guatemalan police have been corrupted by cartels, the record does not compel the conclusion that Pedro-Vicente and her daughter will more likely than not be tortured with the government's acquiescence if returned to Guatemala. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet this standard.").

**PETITION DENIED.**